```
           IN THE UNITED STATES DISTRICT COURT FOR
           THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                 *
AMBLING MANAGEMENT COMPANY,      *

      Plaintiff,                 *

      v.                         *    CIVIL NO.: WDQ-07-2071

UNIVERSITY VIEW PARTNERS,        *
LLC, et al.,
                                 *
      Defendants.
                                 *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Ambling Management Company ("Ambling") sued University View Partners, LLC ("UVP"), Otis Warren Management Company, Inc. ("OWMC"), and Otis Warren, Jr. ("Warren") for breach of contract and tortious interference with contract. UVP counterclaimed for breach of contract, negligence, intentional misrepresentation, and unjust enrichment. Pending is Ambling's motion for reconsideration. For the following reasons, the motion will be granted in part and denied in part.

I.   Background

On April 13, 2004, UVP and Ambling entered into an agreement (the "Agreement") under which Ambling would manage University View Apartments ("University View") and be its leasing agent until July 31, 2009.

On August 3, 2007, Ambling sued UVP for breach of contract and OWMC and Warren for tortious interference with contract. On

August 29, 2007, UVP counterclaimed, alleging breach of contract, negligence, intentional misrepresentation, and unjust enrichment.

On October 8, 2008, the Court denied UVP's motion for summary judgment, granted in part and denied in part Ambling's motion for summary judgment, and granted Warren and OWMC summary judgment. On May 12, 2009, the Court allowed amendment of the pretrial order to include UVP's claim for attorneys' fees. Paper Nos. 75-76. Ambling sought defense counsel's billing statements that same day. Pl. Mot. at 2. Defense counsel produced the statements on May 14, 2009. *Id.*

Defense counsel produced other documents, including a July 2008 indemnity agreement with Warren and OWMC, on May 17, 2009, the day before trial. *Id.* Ambling filed this motion for reconsideration the same day. Paper No. 78. Trial began on May 18, 2009; it is scheduled to resume on January 25, 2010.

II. Analysis

   A.   Prior Arguments

Ambling argues that (1) the Court misapplied persuasive authority in allowing amendment of the pretrial order, (2) UVP's claim for attorneys' fees was not specifically pled under Rule 9(g), and (3) UVP's discovery responses did not reveal a claim for attorneys' fees. Pl. Mot. at 11-15. Ambling made the same arguments in opposition to amendment of the pretrial order; they will not be considered again. *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *North*

*Carolina ex rel. Cooper v. Tennessee Valley Auth.*, No. 06-20, 2008 WL 2115159, at *2 (W.D.N.C. May 16, 2008).

 B. Prejudice

Ambling argues that they are prejudiced by (1) amendment of the pretrial order, and (2) UVP's production of attorneys' fees billing statements only a few days before trial.  Pl. Mot. at 8.  There was no discovery on UVP's attorneys' fees because UVP erroneously believed that its claim for fees would be litigated through a post-trial motion.  Because the pretrial order was amended so UVP could present its substantive claim for fees at trial, Ambling is entitled to discovery on that claim.  Because trial does not resume until January 2010, Ambling has ample time to conduct that discovery.  The Court will permit discovery on UVP's attorneys' fees.

 C. Reasonableness of the Fees

Ambling argues that UVP's bills are unreasonable because (1) there are days on which a UVP attorney billed more than 24 hours, (2) UVP's attorneys spent excessive time preparing motions, and (3) UVP's attorneys' firm, Jones & Associates, P.C., has attorneys with lower billing rates who could have done the work.  Pl. Mot. at 2-3.  These issues go to the reasonableness of the fees, which will be addressed at trial.

 D. Warren's and OWMC's Fees; Offensive or Defensive Fees

The billing statements UVP produced included work done on behalf of Warren and OWMC pursuant to a separate indemnification

agreement. Pl. Mot. at 6. Ambling argues that UVP cannot recover those fees because they are not covered under the Agreement between Ambling and UVP. *Id.* at 10.

Ambling also notes that UVP's bills do not differentiate between fees incurred in bringing its counterclaim rather than those incurred in defending itself against Ambling's claim. *Id.* at 11. Ambling argues that--under the Agreement--UVP is entitled to fees in its claim against Ambling, but not for its fees in defense of Ambling's claim. *Id.*

Both of these arguments involve interpretation of the indemnity provision of the Agreement. Because Ambling could not raise these issues in its motion for summary judgment, it will have an opportunity after discovery on UVP's attorneys' fees claim to litigate the issue at the resumed trial.

III. Conclusion

For the reasons discussed above, Ambling's motion will be granted in part and denied in part, and discovery will be permitted on UVP's attorneys' fees claim.


July 15, 2009                                    /s/
Date                                William D. Quarles, Jr.
                                    United States District Judge