```
             IN THE UNITED STATES DISTRICT COURT FOR
            THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                *
AMBLING MANAGEMENT COMPANY,     *

     Plaintiff,                 *

          v.                    *    CIVIL NO.:  WDQ-07-2071

UNIVERSITY VIEW PARTNERS        *
LLC, et al.
                                *
     Defendants.
                                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Ambling Management Company ("Ambling") sued University View Partners, LLC ("UVP"), Otis Warren Management Company, Inc. ("OWMC"), and Otis Warren, Jr. ("Warren") for breach of contract and tortious interference with contract.  UVP counterclaimed for breach of contract, negligence, intentional misrepresentation, and unjust enrichment.  Pending is UVP's objection to Magistrate Judge Bredar's September 25, 2009 Order.  Paper No. 117.  For the following reasons, the objection will be overruled.

I.   Background[1]

On April 13, 2004, UVP and Ambling entered into an agreement (the "Agreement") under which Ambling would manage

---

[1] Background facts are taken from the July 15, 2009 Memorandum Opinion (Paper No. 89).

University View Apartments ("University View") and be its leasing agent until July 31, 2009.  On August 3, 2007, Ambling sued UVP for breach of contract and OWMC and Warren for tortious interference with contract.  On August 29, 2007, UVP counterclaimed, alleging breach of contract, negligence, intentional misrepresentation, and unjust enrichment.

On October 8, 2008, the Court denied UVP's motion for summary judgment, granted in part and denied in part Ambling's motion for summary judgment, and granted Warren and OWMC summary judgment.  On May 12, 2009, the Court allowed amendment of the pretrial order to include UVP's claim for attorneys' fees.  Paper Nos. 75-76.  Ambling sought defense counsel's billing statements that day.  Pl. Mot. at 2.  Defense counsel produced the statements on May 14, 2009.  *Id.*  Trial is scheduled to resume on December 6, 2010.  Paper Nos. 79, 146.

On July 15, 2009, this Court granted Ambling's motion to allow additional discovery on UVP's attorneys' fees claim (the "Discovery Order").  Paper No. 89.  On August 24, 2009, discovery disputes were referred to Judge Bredar.  Paper No. 99.  On September 25, 2009, Judge Bredar granted Goodell, DeVries, Leech & Dann, LLP's ("GDLD")[2] and Ambling's motions for a protective order and to quash the Defendants' subpoena of information about the attorneys' fees incurred by Ambling during

---

[2]  GDLD represents Ambling in this case.

2

this litigation ("Protective Order").  Paper No. 113.  In his letter order, Judge Bredar held that the Defendants had (1) failed to adequately explain the relevance of adverse counsel's time sheets; (2) failed to show that such evidence was necessary to determine the reasonableness of the Defendants' fees; (3) made an overly broad request for "every document, paper and electronic, possessed by Ambling and GDLD that relates in some fashion to fees charged by GDLD and Ambling," including work product; and (4) did not present a compelling reason for their discovery demands.  *Id*. at 2-3.

On October 5, 2009, UVP filed a motion for reconsideration of that order.  Paper No. 117.  On December 10, 2009, UVP was asked to clarify its motion.  Paper No. 136.

II. Analysis

    A.   Standard of Review

Under Local Rule 301.5.a, "[a] District Judge may reconsider, modify, or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." *See also* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).[3]  The

---

[3]  The Federal Rules of Civil Procedure do not recognize a motion for reconsideration.  *Auto Servs. Co., Inc. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008).  A party may move for a new trial or to alter or amend a judgment under Rule 59, or for relief from a judgment or order under Rule 60.  A "judgment" is "a decree and any order from which an appeal lies"; it includes final judgments and appealable interlocutory orders.  *Auto Servs. Co.*, 537 F.3d at 856 (*quoting* Fed. R. Civ. P. 54(a)).

district court reviews the factual findings of a magistrate judge's decision for clear error and conclusions of law *de novo*. *Int'l Assoc. of Machinists and Aerospace Workers v. Werner-Masuda*, 390 F. Supp. 2d 479, 485 (D. Md. 2005).

    B.   Objection to the Protective Order

Under Rule 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). A protective order may forbid discovery entirely, restrict inquiry into certain matters, or limit the scope of required disclosures. *Id*. at 26(c)(1)(A) & (D). Under Rule 45(c)(3) the court must quash or modify a subpoena that, *inter alia*, requests disclosure of privileged or protected matters or subjects the recipient to an undue burden. *Id*. at 45(c)(3)(A)(iii) & (iv).

---

Thus, Rule 60(b) applies only to final judgments. *Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 343 (7th Cir. 2004). Interlocutory orders are subject to modification "prior to the entry of a final judgment adjudicating the claims to which they pertain." *Williams v. County of Westchester*, 171 F.3d 98, 102 (2d Cir. 1999); Fed. R. Civ. P. 54(b).
    A motion to alter or amend filed within 10 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).
    Reconsideration under Fed. R. Civ. P. 60(b)(6) requires the moving party to show that "exceptional circumstances" justify relief from a court order. *Hale v. Belton Assoc., Inc.*, 305 Fed. Appx. 987, 988 (4th Cir. 2009). Because the Court finds no exceptional circumstances, relief under Rule 60(b)(6) is unavailable here.

In response to Judge Bredar's decision, UVP has modified its discovery request to include: (1) Ambling's billing invoices, (2) the timesheets and hourly rates of its attorneys, and (3) deposition testimony from several Ambling attorneys. Paper No. 117 at 1.[4]  UVP argues that it is not seeking discovery of Ambling's attorneys' fees as the *only* means by which it may show the reasonableness of its own fees but instead "as a data point which, together with other data points, may be considered" to determine the reasonableness of UVP's fees.  *Id*. at 2.  It also contends that Ambling's billing records are highly relevant because they will show "what UVP's counsel was required to respond to from Ambling" and "the level of detail to which Ambling has gone in the preparation and presentation of its case."  *Id*.  Because the parties' counsel practice complex litigation in the same legal community and Amblings' billing records reflect the time spent preparing for the same case, UVP argues that Amblings' attorneys' fees provide a helpful basis of comparison to its own.  *Id*.

The reasonableness of UVP's attorneys' fees--not Ambling's--are at issue.  Some courts have found it useful to compare the

---

[4]  UVP's subpoenas to Ambling and GDLD originally requested "all communications" related to attorneys' fees, costs, and expenses incurred by Ambling in this case.  *See* Paper No. 98, Ex. A at 4-5; Paper No. 97, Ex. A at 4.  The modified discovery request seeks a more limited scope of information but has added a request for deposition testimony from Ambling's attorneys.  *See* Paper No. 120 at 2.

5

hours spent and fees incurred by opposing counsel in the same case to determine the reasonableness of a party's attorneys' fees. *See Henson v. Columbus Bank & Trust Co.*, 770 F.2d 1566, 1574 (11th Cir. 1985) (finding that the opposing party's attorneys' fees were relevant when there was concern about duplication of fees from the plaintiff's use of numerous lawyers). But courts have also acknowledged "that the number of hours needed by one side to prepare adequately may differ substantially from that of opposing counsel because the nature of the work on each side may differ dramatically." *Id.*[5] When a plaintiff fails to provide a "compelling explanation of the relevance of defense counsel's time sheets," courts in this circuit have rejected a plaintiff's attempt "to shift the burden to the [d]efendant of proving the reasonableness of their efforts." *Zhang v. GC Services*, LP, 537 F. Supp. 2d 805, 809 (E.D. Va. 2008).

    Judge Bredar determined that UVP made an overly broad request, which included information protected by the work-product privilege, and failed to provide a compelling explanation of the relevance of Ambling's attorneys fees to

---

[5] *See also Mirabel v. GMAC*, 576 F.2d 729, 731 (7th Cir. 1978) ("[T]he amount of fees which one side is paid by its client is a matter involving various motivations in an on-going attorney-client relationship and may, therefore, have little relevance to the value which petitioner has provided to his clients in a given case.").

6

determining the reasonableness of its own.  Although the Defendants have modified their request to restrict the scope of discovery to the time records and billing rates, the Defendants have still failed to provide a compelling reason why discovery of Ambling's fees is relevant.  Unlike the plaintiff in *Henson*, UVP has not shown that comparison of the parties' respective attorneys' fees is necessary to the Court's assessment of reasonableness.  Because Judge Bredar's decision was neither clearly erroneous nor contrary to law, UVP's objections to the protective order and quashing of the subpoena duces tecum will be overruled.


February 2, 2010                                  _____/s/_____
Date                                                    William D. Quarles, Jr.
                                                         United States District Judge