IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                          *
AMBLING MANAGEMENT COMPANY,   *
     Plaintiff,           *
        v.                *   CIVIL NO.: WDQ-07-2071
UNIVERSITY VIEW PARTNERS  *
LLC, et al.,
                          *
     Defendants.
                          *

*   *   *   *   *   *   *   *   *   *   *   *   *
```

MEMORANDUM OPINION

Ambling Management Company ("Ambling") sued University View Partners, LLC ("UVP"), Otis Warren Management Company, Inc. ("OWMC"), and Otis Warren, Jr. ("Warren") for breach of contract and tortious interference with contract. UVP counterclaimed for breach of contract, negligence, intentional misrepresentation, and unjust enrichment. Pending is UVP's objection to Magistrate Judge Bredar's January 19, 2010 Order. Paper No. 145. For the following reasons, the objection will be overruled.

I.  Background[1]

On April 13, 2004, UVP and Ambling entered into an agreement (the "Agreement") under which Ambling would manage

---

[1] Background facts are taken from the July 15, 2009 Memorandum Opinion. Paper No. 89.

University View Apartments ("University View") and be its leasing agent until July 31, 2009. On August 3, 2007, Ambling sued UVP for breach of contract and OWMC and Warren for tortious interference with contract. On August 29, 2007, UVP counterclaimed, alleging breach of contract, negligence, intentional misrepresentation, and unjust enrichment.

On October 8, 2008, the Court denied UVP's motion for summary judgment, granted in part and denied in part Ambling's motion for summary judgment, and granted Warren and OWMC summary judgment. On May 12, 2009, the Court allowed amendment of the pretrial order to include UVP's claim for attorneys' fees. Paper Nos. 75-76.

On September 16, 2009, Ambling moved to compel OWMC, Warren, Jones & Associates P.C. ("J&A"),[2] and Neuberger, Quinn, Geilen, Rubin & Gibber P.A. ("Neuberger Quinn")[3] to comply with a subpoena *duces tecum* to produce materials withheld under the attorney-client privilege and work-product protection. Paper Nos. 102-104. On October 27, 2009, Magistrate Judge James K. Bredar ordered the nonparty respondents (collectively "NPRs")[4] to provide:

---

[2] J&A currently represents the Defendants.

[3] Neuberger Quinn formerly represented UVP.

[4] The NPRs are: OWMC, J&A, Neuberger Quinn, and Warren.

> a copy of its privilege log, which shall comply with the directives of Rule 45(d)(2)(A), Federal Rules of Civil Procedure, and this Court's Local Rules, Appendix A, Guideline 9. *See Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust No. 1b*, 230 F.R.D. 398, 406 n.14 (D. Md. 2005); *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 38-39 & n.1 (D. Md. 2000).

Paper No. 127. On January 19, 2010, Judge Bredar held that the "privilege logs submitted by UVP and the NPRs [were] too cryptic to survive a motion to compel" and ordered them to disclose to Ambling the withheld documents (the "Disclosure Order").[5] Paper No. 145 at 11.[6] On January 29, 2010, UVP, J&A, Warren, and OWMC objected to the Disclosure Order. Paper No. 150.[7]

II. Analysis

  A.  Standard of Review

Under Local Rule 301.5.a, "[a] District Judge may reconsider, modify, or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." *See also* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The

---

[5] Judge Bredar required the disclosure of all the withheld documents except those listed in last two entries of the J&A log. Paper No. 145 at 11.

[6] Because Neuberger Quinn did not produce privilege logs, it was ordered to file an affidavit explaining how the privilege logs filed by the other Defendants satisfied the Court's order as it pertained to Neuberger Quinn. Paper No. 145 at 1 n.1, 11. By affidavit, Neuberger Quinn represented that UVP's log "included [the] documents that would have been on a Neuberger log." Paper No. 148 ¶ 17.

[7] Trial is scheduled to resume on December 6, 2010. Paper No. 146.

district court reviews the factual findings of a magistrate judge's decision for clear error and conclusions of law *de novo*. *Int'l Assoc. of Machinists and Aerospace Workers v. Werner-Masuda*, 390 F. Supp. 2d 479, 485 (D. Md. 2005).

    B.   Objection to the Disclosure Order

UVP and the NPRs object to Judge Bredar's Disclosure Order on the grounds that (1) it exceeds the request for relief made by Ambling, (2) the "initial" privilege logs submitted were sufficiently specific, (3) Ambling did not object to many of the privilege log entries, and (4) it improperly requires disclosure of "mental impressions, conclusions, opinions, or legal theories" in the Defendants' work product. Paper No. 150 at 5-24.

In a federal diversity action, "the availability of an evidentiary privilege is governed by the law of the forum state." *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 282 n.5 (4th Cir. 2000)(*citing* Fed. R. Evid. 501). Thus, claims of attorney-client privilege are analyzed under Maryland law. The work-product protection, which is not a privilege but a qualified immunity from discovery, is governed by Fed. R. Civ. P. 26(b)(3). *See Continental Cas. Co. v. Under Armour, Inc.*, 537 F. Supp. 2d 761, 769 (D. Md. 2008).[8] The burden to show that a

---

[8] For ease of reference, "privilege" will be used to refer to the attorney-client privilege and the work-product protection.

4

privilege or protection applies rests with its proponent. *See United States v. (Under Seal)*, 748 F.2d 871, 876 (4th Cir. 1984); *Leviton Mfg. Co., Inc. v. Shanghai Meihao Elec., Inc.*, 613 F. Supp. 2d 670, 721 (D. Md. 2009).[9]

Under Rules 26(b)(5)(A)(ii) & 45(d)(2)(A)(ii), party and nonparty respondents invoking privilege or work-product protection must "describe the nature of the withheld . . . things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(d)(2)(A); *see also* Fed. R. Civ. P. 26(b)(5)(A)(ii). Guideline 10.d of the Local Rules requires that:

---

[9] Under Maryland law, the attorney-client privilege protects against compelled disclosure of "communications made in confidence between the attorney and client." *Parler & Wobber v. Miles & Stockbridge*, 359 Md. 671, 756 A.2d 526, 536 (Md. 2000). Because application of this privilege withholds relevant information, it is to be "narrowly construed" in favor of disclosure. *Id*. at 537.

Generally, Rule 26(b)(3) protects from disclosure "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). But the court may order discovery of such materials if the requesting party shows that to prevent undue hardship to the requesting party, "it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." *Id*. 26(b)(3)(B). Thus, a distinction is made between "fact" work product and "opinion" work product. *See, e.g., Chaudhry v. Gallerizzo*, 174 F.3d 394, 403 (4th Cir. 1999). Unlike fact work product, "opinion work product enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." *Id*. (*quoting In re Grand Jury Proceedings*, 33 F.3d 342, 348 (4th Cir. 1994)).

5

whe[n] a claim of privilege is asserted objecting to any interrogatory, document request, or part thereof, and information is not provided on the basis of such assertion:

i. The party asserting the privilege shall, in the objection . . . identify with specificity the nature of the privilege (including work product) that is being claimed;

ii. The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information;

    a. For oral communications:

        (i) the name of the person making the communication and the names of persons present while the communication was made, and where not apparent, the relationship of the persons present to the person making the communication;

        (ii) the date and place of the communication; and

        (iii) the general subject matter of the communication.

    b. For written communications:

        (i) the type of document;

        (ii) the general subject matter of the document;

        (iii) the date of the document; and

        (iv) such other information as is sufficient to identify the document, including whe[n] appropriate, the author addressee, custodian, and any other recipient of the document, and whe[n] not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

"The standard for testing the adequacy of a privilege log is whether, as to each document, it sets forth facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed." *Neuberger Berman*, 230 F.R.D. at 406.

In the Disclosure Order, Judge Bredar cited numerous deficiencies in the privilege logs filed by UVP and the NPRs, including: (1) failure to identify individuals named in the log; (2) entries presuming the entire listed document was privileged when only part, if any, might be; (3) inadequate descriptions of many withheld documents; and (4) document descriptions that suggested no privilege applies. Paper No. 145 at 9-10.[10] Because UVP and the NPRs failed to meet their burden to demonstrate privilege and work-product protection, Judge Bredar held that the UVP and the NPRs had forfeited those protections.[11]

Upon reviewing the privilege logs filed, this Court agrees with Judge Bredar that they were inadequate. The Disclosure Order was clear that the logs should "comply with the directives of Rule 45(d)(2)(A), Federal Rules of Civil Procedure, and this Court's Local Rules, Appendix A, Guideline 9." He further

---

[10] "[T]he privilege log raise[d] more questions than provide[d] answers." Paper No. 145 at 10.

[11] Judge Bredar did not exceed his authority to grant relief, as the Court may always raise, even *sua sponte*, a party's failure to comply with a direct court order.

7

directed the parties to two cases implementing these rules: *Neuberger Berman,* 230 F.R.D. 398 and *Marens,* 196 F.R.D. 35. In so doing, Judge Bredar made clear the standard to which the privilege logs would be held.

UVP and the NPRs argue that they must be given an opportunity to "cure" the deficiencies in their privilege logs, as courts permit "initial" logs to be supplemented after an objection is made to an entry. Paper No. 150 at 2-3. But UVP and the NPRs may not argue that these logs were "initial" disclosures, which could be supplemented to meet the requirements of the Local and Federal Rules. By not filing these logs with their objections to the discovery requests, UVP and the NPRs forfeited the opportunity to cure their deficient logs by later supplementation. Because UVP and the NPRs did not meet their burden to show that the privilege and work-product protection apply to the withheld documents, the motion to compel was properly granted to require disclosure.

III. Conclusion

For the reasons stated above, the objection to the Disclosure Order will be overruled.

June 11, 2010            _____/s/_____
Date                                      William D. Quarles, Jr.
                                                 United States District Court